*Decisions by the presiding justice on application to appeal from the Appellate Term.*

Joseph Cassidy, Respondent, v. Charles S. Devoy, Individually and as Clerk of the County of Kings, Appellant.— Application granted.

Peter Duff, Respondent, v. Martin Whitty, Appellant.— Application denied, with ten dollars costs.

Robert A. Fowler and Another, Appellants, v. Gress Manufacturing Company, Respondent.— Motion for stay denied, without costs. Application for leave to appeal to the Appellate Division denied, with ten dollars costs.

Joseph B. Nelson, Respondent, v. Maryland Casualty Company, Appellant.— Application denied, with ten dollars costs.

United States Title Guaranty Company, Respondent, v. Howard A. Sperry, Appellant.— Application granted, and case set down for September 28, 1915.

William Willett, Jr., Respondent, v. Charles S. Devoy, Individually and as Clerk of the County of Kings, Appellant.— Application granted.

---

## THIRD DEPARTMENT, JULY, 1915.

In the Matter of NELSON S. GATES, an Alleged Incompetent Person, Appellant.

ELIZABETH SOULER, Respondent.

*Physician — witness — privilege — incompetent person.*

This is an appeal by the alleged incompetent from an order of the Supreme Court, made at Special Term and entered in Columbia county clerk's office November 25, 1914, affirming the findings of an inquisition *de lunatico inquirendo*, and from other orders made in the matter, two entered on the 27th day of November, 1914, and one on the 19th day of December, 1914.

PER CURIAM: It was error to permit the defendant's personal physician to testify as to the competency of his patient. Clearly it was indelicate for a physician in attendance upon a patient to permit himself to be hired by another and go and make an examination of the patient for the purpose of testifying against him. In our judgment it was not only indelicate, but in violation of the privilege given to the patient under section 834 of the Code of Civil Procedure. It was also error to permit a physician, in forming his opinion as to the competency of the appellant, to base it in part upon his understanding and recollection of the evidence given by the petitioner's witnesses in court. If the petitioner wished to avail himself of anything brought out by the examination, the alleged fact should have been incorporated in a hypothetical question. The doctor, by the question put to him, was called upon to form a conclusion as to what the evidence had established. If the case was free from doubt upon the facts, it would not be necessary to reverse the inquisition for these errors; but under all the circumstances we feel that justice will be promoted by a new hearing where